IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No. 15-1105 RBJ
ANSWER TO COMPLAINT

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 07 2015

JEFFREY P. COLWELL
CLERK

CB INTERNATIONAL INVESTMENTS LLC

Plaintiff

v

MARY J BOWLES TRUST DATED SEPTEMBER 23, 1987 ;
THE QTIP TRUST U/W/O THOMAS C BOWLES
CHRISTINA BRICE ; DONALD CAVALLI ; VICTORIA
CAVALLI ; KEVIN CAVALLI ; GREGORY CAVALLI ;
LINDSAY CAVALLI AS CUSTODIAN FOR SKYE CAVALLI ;
LINDSAY CAVALLI AS CUSTODIAN FOF TIA CAVALLI ;
UNITED STATES DEPARTMENT OF THE TREASURY ,
INTERNAL REVENUE SERVICE ; and all other persons who
claim an interest in the subject matter of this action

Defendants

Kevin Cavalli , In Pro Per

ADMISSIONS AND DENIALS

1. The defendant denies the Plaintiff's claim that their rights of ownership are superior .

2. The defendant lacks sufficient information in order to admit or deny that the venue is proper. Venue shall be deemed improper at the juncture where the defendant would be required to attend court proceedings. Defendant is a resident of Orange County CA, and lacks the ability to travel out of state.

3. The defendant lacks sufficient knowledge and information in order to admit or deny the contention in paragraph 15 that the issuance of Treasurer's Deed is compliant with Colorado Law . The defendant denies that the vesting of title in Plaintiff's name is superior to the right to claims of defendants .

4. The Defendant admits the contention in paragraph 16 , that the Mary J Bowles Trust and the QTIP Trust U/W/O Thomas C Bowles may claim an interest in the property by virtue of a Special Warranty Deed and Deed of Trust .

5. The Defendant admits the contention in paragraph 17, that the QTIP Trust U/W/O Thomas C Bowles may claim an interest in the property by virtue of a Trustee's Deed and by an assignment of Deed of Trust.

6. The defendant admits the contention in paragraph 18, that the grandchildren beneficiaries of the QTIP Trust U/W/O Thomas C Bowles may claim an interest in the property by virtue of a Trustee's Deed.

7. The defendant denies the contention in paragraph 19, that the United States Dept. of The Treasury, Internal Revenue Service may claim an interest in the property by virtue of a Notice of Federal Tax Lien.

8. The defendant denies the contention in paragraph 20 that a valid tax deed extinguishes all previous encumbrances against the property, and also denies the contention that the rights of the QTIP Trust beneficiary defendants are without foundation and that their claims are inferior to the rights of the Plaintiff.

## DEFENSES

1. If the Plaintiff is awarded a Quiet Title Decree, this will constitute unjust enrichment, as the defendant has a pending and superior interest in the property 2790 Acrin Ave arising from the litigation of the QTIP Trust U/W/O Thomas C Bowles, which commenced in order to recover gross losses of inheritance.

2. The defendant has relied on the expressed and implied contract by his counsel: Newell, Campbell, & Roche along with James Michael Donovan in Los Angeles CA to handle the processing of defendant's 32.14% interest in the QTIP Trust's 50% of the Grand Junction property, and his 50% interest in the $469,280 Promissory Note secured by Deed of Trust executed on February 24th 2010.

3. The defendant has acted in good faith as a holder in due course, that he would ultimately receive payment from his 32.14% interest in the $469,280 Promissory Note.

4. No release has been made by the defendant with regard to his share of the Deed of Trust, and defendant does not agree to release this until payment is made in full.

WHEREFORE defendant asks this court to dismiss the complaint and enter judgment in favor of the defendant.

## COUNTERCLAIMS

1. In 2006 The Trustee of the Mary J Bowles Trust ratified a $1,850,000 construction loan which attached to Parcels 3 and 7 of the Meridian Park Replat. In 2009, the Trustee of the Mary J Bowles Trust began abdicating the Trust's 50% portion of the loan obligation.

2. The construction loan went into default as a result of the refusal to pay. Settlement was reached with the Lender First National Bank of The Rockies, with the subsequent sale of Lot 7 for $1,220,000. There was a fall short of $923,000 owed to the Lender.

3. The Trustee of the QTIP Trust reached an agreement with the Trustee of the Mary J Bowles Trust, that in exchange for the QTIP Trust covering the Mary J Bowles 50% obligation to satisfy the $923,000 fall short, the Mary J Bowles assigned it's interest in Lots 3,4,5,& 6 by way of the $469,280 Promissory Note.

4. The Promissory Note was secured with a Deed of Trust attaching to Lots 3,4,5,& 6, and was specifically created to guarantee reimbursement to the beneficiaries of the QTIP Trust U/W/O Thomas C Bowles.

WHEREFORE defendant prays for entry of court order granting imposition of equitable lien, in order to carry out the provisions of the Promissory Note and Deed of Trust on defendant's behalf.

Respectfully submitted this 1st day of December, 2015

by Kevin Cavalli

Address of defendant:
PO Box 60832
Irvine, CA 92602